UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re: William W. Cole, Jr.

WILLIAM W. COLE, JR.,

    Appellant,

v.                                                     Case No: 6:19-cv-699-Orl-40

LORI PATTON, PRN REAL ESTATE
AND INVESTMENTS, LTD. and NANCY
ROSSMAN,

    Appellees.
                                         /

## ORDER

This cause comes before the Court without oral argument on Appellant's Motion for Judicial Notice or, in the Alternative, to Supplement Record (Doc. 20 (the "**Motion**")), and Appellees' Response in Opposition (Doc. 22). With briefing complete, the matter is ripe. Upon consideration, the Motion is due to be granted in part and denied in part.

## I.    BACKGROUND

Appellant moves this Court to judicially notice, or supplement the record with, two documents: (A) a segment of the "transcript from a trial in a related adversary proceeding," and (B) "public record information from the Orange County Property Appraiser's website regarding" geographical boundaries of a property at issue in *In re Englander*, 156 B.R. 862 (Bankr. M.D. Fla. 1992). (Doc. 20, p. 2; Docs. 20-1, 20-2). As to the transcript material, Appellant contends that judicial notice is proper because its contents are "directly relevant to the issues on appeal" and taking such notice would serve the interests of justice. (Doc. 20, pp. 4–5). As to the property appraiser website information, Appellant

maintains judicial notice is proper because it is a government record regarding geographical boundaries that are not subject to reasonable dispute. (*Id.* at pp. 5–6).

Appellees oppose judicial notice of both exhibits. With respect to the transcript, Appellees submit, in part, that Appellant neglected to introduce the transcript testimony in the trial from *this* underlying bankruptcy case and therefore waived the right to present such evidence here. (Doc. 22, p. 7). As to the property appraiser website information, Appellees likewise assert that information should have been introduced in the underlying bankruptcy case, and further argue that the information has little probative value. (*Id.* at pp. 8–9).

## II.  STANDARD OF REVIEW

"The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). Federal Rule of Evidence 201 controls the judicial notice determination of adjudicative facts—that is, "the facts of the particular case." Fed. R. Evid. 201(a) advisory committee's notes to 1972 proposed rules. The Court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Eleventh Circuit has cautioned that judicial notice should be employed sparingly because it "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). "[T]he kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are

the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." *Id.*

Generally, a court can take judicial notice of "what was said and what the judge ruled in another court proceeding, as such matters are not subject to reasonable dispute; however, the Court may not take judicial notice of any statements for their truth, as the veracity of statements are subject to reasonable dispute." *Walter v. McIntosh*, No. 6:13–cv–472–Orl-37GJK, 2013 WL 4028189, at *1 (M.D. Fla. Aug. 7, 2013) (citing *Amcal Gen. Contractors, Inc. v. Ace Am. Ins. Co.*, No. CV 09–06134 DDP (RCx), 2009 WL 3398355, at *3 (C.D. Cal. Oct. 20, 2009) ("[A] court may take judicial notice of the undisputed matters of public record, i.e., the fact that hearings and prior proceedings took place, and what was said in those proceedings, but it may not take judicial notice of disputed facts stated in public records for their truth.")).

## III. DISCUSSION

### A. Exhibit A: Testimony Transcript from Related Proceeding

Appellant's motion for judicial notice of the transcript segment from trial proceedings in a separate but related bankruptcy case is due to be denied.

The Court is guided by *In re SI Restructuring Inc.*, 480 F. App'x 327 (5th Cir. 2012) (per curiam),[1] where the court affirmed a district court's refusal to take judicial notice of filings from a prior but related bankruptcy action. Like Appellant here, the *Restructuring* appellants sought judicial notice of "testimony and evidence [from a proceeding in] the

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

same court, in a related proceeding, over which the same judge presided." *Id.* at 328.[2] The court noted that the appellate record in a bankruptcy appeal is limited to papers, exhibits, transcripts, and docket entries from the underlying bankruptcy proceeding. *Restructuring*, 480 F. App'x at 328–29 (citing Fed. R. Bankr. P. 8006, Fed. R. App. P. 10). Next, the court cited the general rule that "a court cannot take judicial notice of the factual findings of another court," *id.* at 329 (quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir.1992)), before concluding, "We see no reason to require a court to take judicial notice of the contents of evidence not properly introduced in the bankruptcy proceeding[.]" *Id.*

The Court finds that Appellant's motion for judicial notice of Exhibit A is due to be denied. As in *Restructuring*, Appellant seeks to admit for this Court's consideration testimony from a separate action. Appellant fails to explain why this evidence was not admitted, or similar evidence not developed, in the underlying bankruptcy action. Accordingly, the transcript testimony is unfit for judicial notice.

**B.     Exhibit B: Property Appraiser Website Information**

Appellant's request that the Court take judicial notice of the information from the property appraiser's website is due to be granted. Despite Appellee's objections, the information sought to be considered—geographical information accessed from a government agency's website—falls squarely within the class of materials suitable for judicial notice. *See Shahar*, 120 F.3d at 214; *Kahama VII, LLC v. Space Coast Builder and Contractors, Inc.*, Case No. 6:12-cv-454-Orl-19DAB, 2013 WL 12161440, at *16 n.21

---

[2]     *Cf.* Doc. 20, p. 4 (arguing for judicial notice because the "transcript [comes from] a related proceeding involving these same parties[, which] was heard by the same Bankruptcy Judge").

(M.D. Fla. Jan. 28, 2013). Appellee's concerns about what arguments Appellant will make from the evidence are misplaced. The fact that the Court now judicially notices Exhibit B says nothing about the viability of Appellant's arguments that rely on the exhibit. Indeed, the Court is dubious of the probative value a 2019 property appraiser's report would add to the interpretation of a twenty-seven-year-old bankruptcy court decision. This skepticism, however, is not grounds to preclude the exhibit's consideration.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion is **GRANTED IN PART** and **DENIED IN PART**. The Court takes judicial notice of Exhibit B to the Motion, located at Docket Entry 20-2. In all other respects, the Motion is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on July 29, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties